UNITED STATES, Appellee

v

RUDOLPH J. BLOCKER, Private, U. S. Marine Corps, Appellant

18 USCMA 368, 40 CMR 80

No. 21,717

May 23, 1969

*Lieutenant Donald B. Brant, Jr.,* JAGC, USNR, was on the pleadings for Appellant, Accused.

*Colonel C. R. Larouche,* USMC, was on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

We granted the accused's petition for review to consider whether the sentence instructions were sufficiently "shape[d] . . . to the evidence" to apprise the court members adequately of the matters they could consider in assessing an appropriate sentence. United States v Wheeler, 17 USCMA 274, 278, 38 CMR 72.

Unlike *Wheeler,* the instructions in this case are not limited to the maximum permissible punishment and the mechanics of voting, but several substantial matters of mitigation were disregarded in the instructions. On this record, we cannot safely conclude that the imbalance in the instructions was harmless error. United States v Cottrell, 17 USCMA 485, 38 CMR 283; United States v Heagy, 17 USCMA 492, 38 CMR 290.

The decision of the board of review as to the sentence is reversed, and the record of trial is returned to the Judge Advocate General of the Navy for sub-

mission to the board of review for reconsideration of the sentence in light of *Wheeler*.

DARDEN, Judge (dissenting):

I dissent.

In summarizing, the president of the court-martial mentioned Blocker's good combat record and his having pleaded guilty as items members of the court should consider in his favor in deciding a sentence. The only item the president mentioned against him was the record of his previous conviction by court-martial. The president omitted reference to a favorable letter from the minister at the home of the accused and to Blocker's having had family problems when he returned from overseas. Defense counsel read the letter in full, however, and informed the court about Blocker's family problems and his interest in the Marine Corps that was evidence by his having completed two schools.

Considering the accused's prior conviction for absence without leave, breach of restriction, willful disobedience of an order, and using provoking words, together with the two present absence offenses covering eighteen-day and nearly seven-month periods, I hardly believe the court was likely to award a more lenient sentence if the president had reminded them of a letter from the minister and of Blocker's statement that he had family problems. In my opinion, the president was not prejudicially unfair in his summary. Consequently, I would affirm the decision of the board of review.